*Bennington*
July.
1814

HOIT *vs.* BRADLEY and others, in error.

If an administration bond be prosecuted before a County Court, and a judgment rendered for the penal sum of the bond, a *scirefacias* brought on such judgment, by a creditor, or other person interested in the estate, to recover the amount of his claim agreeably to the statute, must be brought before the same Court, notwithstanding such claim, as to the amount of the demand, be within the jurisdiction of a justice of the peace

ON the granting of adminstration, by the judge of Probate for the district of Manchester, to Gilbert Bradley and Ethan Bradley, on the estate of Lemuel Bradley deceased, they, as principals, and Edmond Graves, as surety, executed a bond to the Judge of Probate, in the penal sum of $4000, in the form and with the condition prescribed by statute, bearing date the ninth day of January 1801. The estate was represented insolvent, and on the report, by the commissioners of the claims allowed against the estate, it proved to be insolvent, and a dividend was made to and among the creditors, and the sum found due to each creditor, was ordered by the Judge, to be paid within a certain time limited. The claim of Jonathan Hoit, the plaintiff, allowed against the estate amounted to $103,15 cents, his dividend on which, amounted to $31,89 cents, which the administrators had neglected to pay.

At the June Term of Bennington County Court, 1806, an action was commenced on the administration bond, against the present defendants, on the prosecution of Cephas Smith, jun. a creditor of the estate. In that action the defendants suffered Judgment by *nil dicit*, and Judgment was rendered for $4000, the penal sum of the bond, and, agreeably to the provision of the 103d. section of the Probate act, Cephas Smith, jun. the plaintiff in that action, assigned a breach of the condition of the bond, in the non payment of the sum which had been ordered to be paid as his dividend of the estate, and recovered Judgment for that sum and his costs, and had execution.

Afterwards, Jonathan Hoit the present plaintiff, brought a *scirefacias* against the present defendant, on the aforesaid Judgment for the penal sum of the bond ; and, to entitle him to an execution agreeably to the statute, assigned a breach of the condition of the bond, in the non payment of the aforesaid sum of $31,89 cents, which the administrators had been ordered to pay him, as his divi-

dend of the estate. The defendant's counsel pleaded in abatement, to the jurisdiction of the Court, for that the sum demanded being under $53, a Justice of the peace had exclusive jurisdiction of the action ; and thereupon the County Court ordered the action dismissed, and rendered Judgment for the defendants to recover their costs. Whereupon the plaintiff brought this writ of error, and assigned for error, the dismission of the suit, and the judgment that the defendants should recover their costs.

Bennington
July,
1814.

Hoit
vs.
Bradley
et al.

To this writ of error the defendants pleaded, in *nullo est erratum*.

*Langdon* and *Sperry*, for the plaintiffs.

*Skinner* and *Sheldon*, for the defendants.

The opinion of the Court was delivered by

CHIPMAN, Ch. J. We are all clearly of opinion, not only, that the County Court had jurisdiction in this case, but that the remedy by *scirefacias*, can be had in that Court alone, where the judgment for the penal sum of the administration bond, remains of record.

The proceedings in this case are not under the provisions of the Judiciary act, but under a provision contained in the 103d section of the probate act, it is a special provision, in a particular case.

By another provision of the probate act, the administration bond is directed to be taken to the Judge of probate, granting administration ; the general purpose of the condition of that bond is, to secure a faithful administration—to secure right and justice to be done by the administrator, to all who may have any interest in, or claim upon the estate. One part of the condition is, that the administrator, shall, on the settlement of the estate, deliver and pay to such person or persons respectively, as the Court of probate, by their decree or sentence, pursuant to the true intent and meaning of the law, shall limit and appoint. This condition extends,as well to the debts and demands allowed and ordered to be paid, as to the distribution of the estate.

The remedy on this bond, provided by the 103d section of the probate act, before mentioned, is in substance—that, on application to the Judge of probate, by any person, who shall have been injured by a breach of the condition of the bond, the Judge, shall, on such applicant's giving security for prosecution and the payment of costs, cause an action to be brought, in his, the judge's name, on the

Bennington
July.
1814.

Hoit
vs.
Bradley
et al.

bond ; and shall certify to the Court in which the action shall be commenced, the name of the applicant, who shall be deemed the prosecutor. And, if the defendant shall plead performance of the condition, the prosecutor may assign as many breaches, affecting his interest, as he shall see fit ; and the jury shall, on all the issues, assess damages for such breaches as the prosecutor shall prove ; and, if a verdict be found against the defendant, the Court shall enter up judgment for the whole penalty of the bond, and shall issue execution in favor of the prosecutor, for such damages as shall be found for him, and for costs. There is also a provision, in case of judgment on demurrer, confession or *nildicit* ; and it is enacted, that the judgment for the penalty of the bond, stand as a security for any other or further breach of the condition of such bond. And, that any person thereafter, who shall have been injured, by the breach of the condition of such bond, may prosecute a *scirefacias*, on such judgment for the penal sum of the bond, against the defendants, and may assign any breaches affecting his right and interest, which being found, damages shall be assessed, and execution shall issue as in the former case.

Now as to the question of jurisdiction, this case differs not from a bond of indemnity, or any bond with a defeasance—the penalty of the bond, not the sum due by the condition, or the amount of damages sustained by a breach, determines the jurisdiction. This bond is, in effect, a bond of indemnity, and the statute puts the prosecutor for his own interest in the place of the obligee, who is in fact no more than a trustee. Nor is it any objection, that the prosecutor might have resorted to another remedy, which might change the jurisdiction : that the prosecutor might in this case have brought an action of debt or *assumpsit*, for the amount of his demand allowed by the commissioners, and ordered by the judge to be paid, before a justice of the peace. In all cases where there are different remedies, it is at the option of the plaintiff which he will pursue— that, of course, which he thinks most for his advantage, most effectual.

In a case like the present, the administrators might have become insolvent : the creditor is under no obligation to try that question, before he shall resort to the bond.

I will put a case—An intestate had in his lifetime, recovered a judgment in the Supreme Court for a sum less than fifty three dol-

lars, a sum clearly within the jurisdiction of a Justice of the peace ; *Bennington* the administrator may have the effect of that Judgment by an ac- *July.* tion of debt, or assumpsit, before a Justice of the peace, he may also have a *scirefacias* to revive that Judgment, before the Supreme *Hoit* Court : no one will question his right to revive the Judgment by *Bradley* *scirefacias,* which must be brought in the same Court where the *et al.* Judgment remains of record, and can be brought in no other Court. The law in the present case is the same ; the Court, therefore reverse the Judgment of the County Court. And as the record of the judgment, upon which the *scirefacias* was brought, is not in this Court, but remains in the Court below, this Court cannot proceed to render the proper judgment—the cause is, therefore, remitted to the County Court, to proceed thereon as to law and justice appertains.